DECISION JUDGMENT ENTRY
{¶ 1} Cynthia Tinnel appeals from an order assessing fees for the psychological examinations resulting from the dismissal of a domestic relations motion. She argues that these fees do not qualify as costs of an "investigation" as contemplated by R.C. 3109.04(C). Because we conclude that the Huron County Court of Common Pleas did not abuse its discretion in ruling that the costs of psychological examinations can be split evenly between the parties under R.C. 3109.04(C), we affirm.
 I. {¶ 2} Timothy Tinnel and Cynthia Tinnel were divorced on December 5, 2001. The parties were ordered to share parental rights and responsibilities for the care of their children, Aaron and Sarah. Cynthia, however, concerned that Aaron was being abused by one of his half-brothers, filed a motion to reduce or supervise visitation. Her charges were later found to be unsubstantiated by Huron County Children's Services, but while the motion was pending, the magistrate ordered psychological evaluations for the parents and their son Aaron. After the evaluations were completed, Cynthia asked that her motion be dismissed. The magistrate complied and ordered each party to pay for his or her own evaluation and one-half of Aaron's evaluation. Cynthia objected to the magistrate's decision allocating payment of the evaluations, but the magistrate's decision was affirmed. She now appeals this point.
 Assignment of Error {¶ 3} "The trial court erred in assessing the fees for the psychological evaluation as costs where the statute clearly and unambiguously distinguishes between evaluations and investigations."
 II. {¶ 4} As in many cases, the standard of review in this domestic relations matter is whether the trial court abused its discretion. In theMatter of Diedra Renee R. (March. 12, 1999), Erie App. No. E-98-048;Schulte v. Schulte (June 11, 1993), Wood App. No. 91WD075; Booth v.Booth (1989), 44 Ohio St.3d 142, 144; Heyob v. Newman (Dec. 8, 1997), Highland App. No. 638. The term "abuse of discretion" connotes more than an error of law or judgment. It implies that the court's attitude is "unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219; see also, State v. Adams (1980),62 Ohio St.2d 151, 157.
 {¶ 5} A court that has abused its discretion has acted to cause a result "so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias." Nakoff v. Fairview General Hospital
(1996), 75 Ohio St.3d 254, 256. Following this standard, an appellate court has limited review. Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for that of the trial court. See Pons v. Ohio State Medical Board. (1993),66 Ohio St.3d 619, 621.
 {¶ 6} Here, in affirming the magistrate's decision and assessing costs in this case, the trial court was relying on a particular statute, R.C. 3109.04(C).[1] That statute guides the court's discretion.
 {¶ 7} The standard for statutory construction is well settled. The legislature speaks through the language of its statutes. If plain and unambiguous language is used, courts are not justified in adding to or deleting words but must construe intent of the lawmakers as it is expressed. Wachendorf v. Shaver (1948), 149 Ohio St. 231, 236-237.
 {¶ 8} Cynthia interprets R.C. 3109.04(C) narrowly, as allowing the taxing of "investigations" rather than "evaluations" as costs. She argues that the statute unambiguously distinguishes between the two terms. Nevertheless, the United States Supreme Court has explained that the general rule that the expression of one thing is the exclusion of others is subject to exceptions. "Like other canons of statutory construction it is only an aid in the ascertainment of the meaning of the law and must yield whenever a contrary intention on the part of the law-maker is apparent. Where a statute contains a grant of power enumerating certain things which may be done and also a general grant of power which standing alone would include these things and more, the general grant may be given full effect if the context shows that the enumeration was not intended to be exclusive." Springer v. Government of Philippine Islands (1928),277 U.S. 189, 206.
 {¶ 9} It is logical to assume that the psychological examinations ordered here were an integral part of the "investigation" required by the Court before the motion for supervised visitation could be determined. In its August 26, 2002 judgment entry, the trial court explained, "[i]t is obvious from reading the statute that a psychological examination is a subcategory of the investigation which a court is authorized to initiate. The report of the examination is to be signed by the `investigator' and the `investigator' is subject to cross examination. Thus, the legislature used the term investigator as all inclusive [sic] of psychologist, medical doctors or psychiatrists, as well as social workers, children service workers or others who might be assigned responsibility to investigate the
 {¶ 10} character, family relations, past conduct, earning ability and financial worth of the parents. The costs of such investigations, including the examinations of medical doctors, psychiatrists and psychologists, may be taxed by the court."
 {¶ 11} Similarly, Civ.R. 75(D)[2] provides the same power to order the examination of individuals. The Fourth District Court of Appeals found no abuse of discretion in a trial court's order that appellant pay for a doctor's cross-examination under that rule. Eitel v.Eitel (Aug. 23, 1996), Pickaway App. No. 95CA11. Both R.C. 3109.04(C) and Civ.R. 75(D) suggest that fees associated with an investigation — whether it be a physical examination, a mental examination, or otherwise — may be taxed as costs. All or any part of the expenses for each "investigation" includes payment of a professional's time.
 {¶ 12} In this case, the court did not abuse its discretion under R.C. 3109.04(C) when it taxed the costs of the psychological examinations evenly between Cynthia and Timothy. As a result, Cynthia's assignment of error is found not well taken.
 {¶ 13} On consideration whereof, we find that substantial justice was done to the party complaining, and the judgment of the Huron County Court of Common Pleas is affirmed. Appellant is assessed the court costs of this appeal.
JUDGMENT AFFIRMED.
Richard W. Knepper, J., Judith Ann Lanzinger, J., and Arlene Singer,J., CONCUR.
[1] R.C. 3109.04(C) provides:
"(C) Prior to trial, the court may cause an investigation to be made as to the character, family relations, past conduct, earning ability, and financial worth of each parent and may order the parents and their minor children to submit to medical, psychological, and psychiatric examinations. The report of the investigation and examinations shall be made available to either parent or the parent's counsel of record not less than five days before trial, upon written request. The report shall be signed by the investigator, and the investigator shall be subject to cross-examination by either parent concerning the contents of the report. The court may tax as costs all or any part of the expenses for each investigation. * * *"
[2] Civ.R. 75(D) provides:
"(D) Investigation. On the filing of a complaint for divorce, annulment, or legal separation, where minor children are involved, or on the filing of a motion for the modification of a decree allocating parental rights and responsibilities for the care of children, the court may cause an investigation to be made as to the character, family relations, past conduct, earning ability, and financial worth of the parties to the action. The report of the investigation shall be made available to either party or their counsel of record upon written request not less than seven days before trial. The report shall be signed by the investigator and the investigator shall be subject to cross-examination by either party concerning the contents of the report. The court may tax as costs all or any part of the expenses for each investigation."